IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIAN SHAFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 07-00327-CV-W-REL |
| | ) |
| TEK-COLLECT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COUNT I OF PLAINTIFF'S COMPLAINT AND DECLINING
JURISDICTION OVER REMAINING CLAIMS**

Before the court is Defendants' Motion to Dismiss Count I of Plaintiff's Complaint and accompanying suggestions in support (Doc. Nos. 9, 10). Defendants move the court to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that the debt in issue is not subject to the requirements of the Fair Debt Collection Practices Act ("FDCPA"). For the following reasons, Defendants' motion is granted.

*I. UNDERLYING FACTS*

On April 26, 2007, Plaintiff filed a three-count complaint against Defendants Tek-Collect, Incorporated ("Tek-Collect") and Entercom Kansas City, LLC ("Entercom") (Doc. No. 1). Count I alleges a violation of the FDCPA, Count II contains a claim for defamation, and Count III alleges civil conspiracy. All three counts arise from Defendant Tek-Collect's attempt to collect a debt from Plaintiff on Defendant Entercom's behalf.

According to the Complaint, Defendant Entercom performs radio advertising services (Doc. No. 1, ¶ 6). Defendant Entercom claimed -- though never substantiated -- it was hired by

1

Kendallwood Retirement Homes, Inc. ("Kendallwood") to perform advertising and, in doing so, Kendallwood incurred a debt greater than $4,000 (Doc. No. 1, ¶ 6). When this debt was not paid, Defendant Entercom engaged Defendant Tek-Collect to collect the debt (Doc. No. 1, ¶ 7). Defendant Tek-Collect attempted to collect the debt both from Kendallwood and from Plaintiff, who is the manager of Kendallwood (Doc. No. 1, ¶¶ 6, 8, 9).

Defendant Tek-Collect is alleged to have informed Plaintiff that he was personally liable for the debt and that it would "come after" him for payment, interest and attorneys fees (Doc. No. 1, ¶ 8). Defendant Tek-Collect called Plaintiff up to ten times per day, including on his home telephone line and mobile telephone (Doc. No. 1, ¶ 9). It also called residents at Kendallwood to inform them that Plaintiff and the principals at Kendallwood were "dead beats" who did not pay their bills (Doc. No. 1, ¶ 9). A receptionist at Kendallwood is alleged to have quit her employment due to the abusive collection practices (Doc. No. 1, ¶ 9). Although Plaintiff demanded Defendant Tek-Collect's collections efforts cease and that it provide written verification of the debt, Defendant Tek-Collect did not do so (Doc. No. 1, ¶ 11).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim. In considering a Rule 12(b)(6) motion, the court must accept the "allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a clam to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. --, 127 S. Ct. 1955, 1974 (2007)(abrogating "no set of facts" standard for Rule 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In other words, the complaint's

2

factual allegations "must be enough to raise a right to relief above the speculative level" to avoid dismissal. Id. at 1965.

## III. ANALYSIS

Defendants move the court to dismiss Count I of Plaintiff's Complaint, arguing that the debt in issue is not subject to the FDCPA. If Count I is dismissed, Defendants also urge the Court to decline jurisdiction over the two remaining state law claims. Each will be addressed in turn.

**A.      Applicability of FDCPA**

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA, however, is limited in scope in that it only applies to consumer debts. A consumer debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . services which are the subject of the transaction are primarily for personal, family or household purposes . . . ." 15 U.S.C. § 1692a(5). The FDCPA's legislative history explicitly states, "This bill applies only to debts contracted by consumers for personal, family, or household purposes; it has no application to the collection of commercial accounts." S. Rep. No. 95-382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

In this case, the debt is alleged to have been incurred when Kendallwood hired Defendant Entercom to perform radio advertising. Plaintiff does not dispute that Defendant Tek-Collect's "efforts to collect from Kendallwood funds claimed to be owned by Kendallwood would be commercial in nature, and therefore, not a 'debt' under the Act" (Doc. No. 16, p. 3). However, he argues that "Defendants' strategy of targeting someone they know was not liable for the debt simply because that person was an attractive collection source actually creates a new alleged debt against that individual personally - a debt not subject to the FDCPA." I disagree.

3

While the Eighth Circuit has not yet interpreted the definition of "debt," other courts have found that the FDCPA does not cover collection of commercial debts even when the collection efforts are directed at an individual. See Slenk v. Transworld Sys., 236 F.3d 1072, 1076 (9th Cir. 2001); First Gibralter Bank FSB v. Smith, et al., 62 F.3d 133, 136 (5th Cir. 1995); Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir. 1992); Schram v. Federated Fin. Corp. of Am., No. 06-12700, 2007 WL 1238863, at *1 (E.D. Mich. Apr. 27, 2007); Holman v. West Valley Collection Servs., Inc., et al., 60 F. Supp.2d 935, 936-37 (D. Minn. 1999). Indeed, the "FDCPA is concerned with the substance of the transaction as opposed to the form." See Perk v. Worden, et al., 475 F. Supp. 2d 565, 569 (E.D. Va. 2007). In determining the nature of the loan, it is necessary to "'examine the transaction as a whole,' paying particular attention to 'the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'" Slenk, 236 F.3d at 1075 (quoting Bloom, 972 F.2d at 1068).

Here, the debt was claimed to have been incurred for commercial purposes (i.e., radio advertising). The nature of the debt did not change merely because Defendant Tek-Collect attempted to collect from Plaintiff. In arguing that a "new" debt was created through Defendant Tek-Collect's collection efforts, Plaintiff emphasizes that Defendants did not have a basis on which to assert that he personally owed a debt to Defendant Entercom. As stated above, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay." The validity of the debt thus does not affect the applicability, or in this case the inapplicability, of the FDCPA. The fact remains that Plaintiff's alleged obligation stemmed from Kendallwood's debt to Defendant Entercom. Because the debt is not covered by the FDCPA, Count I fails to state a claim upon which relief can be granted. Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is granted.

B.  **Remaining State Law Claims**

When the complaint was filed, I had jurisdiction pursuant to 28 U.S.C. § 1331. With the dismissal of Count I, however, federal question jurisdiction does not remain. Pursuant to 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over Counts II and III.

Accordingly, it is

ORDERED that Count I is dismissed with prejudice. It is further

ORDERED that Plaintiff's state law claims, Counts II and III, are dismissed without prejudice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 7, 2007